UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

AMERICAN GREENFUELS ROCKWOOD
(TENNESSEE), LLC, a Delaware limited liability
company,

Plaintiff,

        -against-

AIK CHUAN CONSTRUCTION PTE. LTD., a
Singapore registered company,

Defendant.

Civil Action No.: 1:21-cv-07680

Honorable Denise L. Cote

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

AIK CHUAN CONSTRUCTION PTE. LTD.,

Counterclaim Plaintiff,

        -against-

AMERICAN GREENFUELS ROCKWOOD
(TENNESSEE), LLC and KOLMAR AMERICAS,
INC.

Counterclaim Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

# [PROPOSED] JOINT PRETRIAL ORDER

Pursuant to Federal Rule of Civil Procedure 16, the Court's Individual Practices in Civil Cases, and the Pretrial Scheduling Order (ECF No.61), Plaintiff and Counterclaim Defendant American GreenFuels Rockwood (Tennessee), LLC ("AGFR"), Counterclaim Defendant Kolmar Americas, Inc. ("Kolmar"), and Defendant and Counterclaim Plaintiff Aik Chuan Construction PTE. Ltd. ("Aik Chuan") hereby submit the following Joint Pretrial Order and agree that it shall govern the conduct of the trial of this case.

164350568

I.  **THE FULL CAPTION OF THE ACTION (JUDGE COTE'S INDIVIDUAL PRACTICE ("C.I.P.") 6(A)(i)**

The full caption for this case is that shown at the beginning of this document.

II.  **APPEARANCES (C.I.P. 6(A)(ii))**

A.  **Plaintiff and Counterclaim Defendant American GreenFuels Rockwood (Tennessee), LLC and Counterclaim Defendant Kolmar Americas, Inc.**

John N. Thomas
Troutman Pepper Hamilton Sanders LLP
875 Third Avenue
New York, NY 10022
Telephone: (212) 704-6000
Facsimile: (212) 704-6288
Jack.Thomas@troutman.com

Leslie A. Davis
Margaret Burnside (*pro hac vice* forthcoming)
Troutman Pepper Hamilton Sanders LLP
401 9th Street, NW, Suite 1000
Washington, DC 20004
Telephone: (202) 274-2958
Facsimile: (202) 274-2994
Leslie.Davis@troutman.com
Maggie.burnside@troutman.com

Sheila Zifu Chen
Troutman Pepper Hamilton Sanders LLP
5 Park Plaza, Suite 1400
Irvine, CA  92614
Telephone: (949) 622-2700
Facsimile: (949) 622-2739
Sheila.Chen@troutman.com

B.  **Counsel for Defendant and Counterclaim Plaintiff Aik Chuan Construction PTE. Ltd.**

John F. Hagan, Jr.
Mark J. Samartino
Cameron Davis
Arnold & Porter Kay Scholer LLP
70 West Madison Street, Suite 4200
Chicago, IL 60602
John.Hagan@arnoldporter.com

164350568

Mark.Samartino@arnoldporter.com
Cameron.Davis@arnoldporter.com
Telephone: (312) 583-2300
Facsimile: (312) 583-2360

Melissa A. Brown
Arnold & Porter Kay Scholer LLP
250 West 55th Street
New York, NY 10019
Melissa.Brown@arnoldporter.com
Telephone: (212) 836-8000
Facsimile: (212) 836-8689

**III.   SUBJECT MATTER JURISDICTION (C.I.P. 6(A)(iii))**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the Parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.  ECF 28 at 4 ¶ 9. Plaintiff/Counterclaim Defendant American GreenFuels Rockwood (Tennessee), LLC is a limited liability company, and its sole member is Kolmar Americas, Inc., a company organized under the laws of Delaware, with its principal place of business located in Bridgeport, CT.  ECF 1 ¶ 11.  Defendant/Counterclaim Plaintiff Aik Chuan Construction Pte. Ltd., is a company organized under the laws of Singapore, with its principal place of business in Singapore. ECF 28 at 5 ¶ 11.

**IV.   BRIEF SUMMARY OF THE CLAIMS AND DEFENSES (C.I.P. 6(A)(iv))**

**A.   Plaintiff and Counterclaim Defendants' Claims and Defenses:**

AGFR's First Cause of Action: Breach of Contract (Count I)

This case arises out of a breach of contract dispute over a subordination agreement Aik Chuan and AGFR.  As the Plaintiff, AGFR brought one cause of action for Breach of Contract (Count I).  AGFR seeks an entry of judgment in its favor and against Aik Chuan on Count I and seeks the relief set forth in its complaint including an award of damages to be proven at trial but

not less than $27,929,634, an award of expenses incurred herein, including but not limited to costs and attorney's fees, all interest permitted under the governing contracts, and any other relief as the Court deems appropriate. To prevail on its Count I Breach of Contract, AGFR must prove by a preponderance of the evidence that (1) the existence of a contract; (2) performance by AGFR; (3) nonperformance by Aik Chuan; and (4) damages attributable to the breach.

2. <u>AGFR and Kolmar's Defenses and Affirmative Defenses to Aik Chaun's Counterclaims.</u>

i. *AGFR and Kolmar's First Affirmative Defense to Aik Chuan's Counterclaims (Failure to State a Claim)*

The Parties have already litigated the adequacy of Aik Chuan's pleadings at the pleadings stage. In the Court's Motion to Dismiss Order, the Court dismissed Kolmar from Aik Chuan's first two counterclaims: (1) Count I Breach of Subordination Agreement and Implied Obligation of Good Faith and Fair Dealing (Erroneous Claim of Default under the Loan Agreement) and (2) Count II Breach of Subordination Agreement and Implied Obligation of Good Faith and Fair Dealing (Improper Foreclosure Sale). ECF 62. The Court further dismissed both AGFR and Kolmar as to the Breach of Fiduciary Duty claim (Count IV). *Id.* Aik Chuan's only remaining counterclaims are Counts I and II as to AGFR and tortious interference as to both AGFR and Kolmar (Count III). *Id.* Having now had the benefit of discovery, AGFR and Kolmar still maintain Aik Chuan cannot carry its burden at trial to prevail on any of its remaining causes of action (Counts I and II against AGFR and Count III against AGFR and Kolmar). Given the Court's prior order on the adequacy of pleadings, AGFR and Kolmar do not intend to try their first affirmative defense that Aik Chuan failed to state a claim at the pleadings stage.

ii. *AGFR and Kolmar's Second Affirmative Defense to Aik Chuan's Counterclaims*

164350568

AGFR and Kolmar's Second Affirmative Defense is that the purported claims set forth in Aik Chuan's Amended Counterclaim Complaint are barred by the doctrines of waiver, laches, estoppel, and/or acquiescence.

### iii. *AGFR and Kolmar's Third Affirmative Defense to Aik Chuan's Counterclaims*

AGFR and Kolmar's Third Affirmative Defense is that the purported claims set forth in Aik Chuan's Amended Counterclaim Complaint are barred by reason of Aik Chuan's express and/or implied consent to, approval of, and/or ratification of all the acts or omissions about which it now complains.

### iv. *AGFR and Kolmar's Fourth Affirmative Defense to Aik Chuan's Counterclaims*

AGFR and Kolmar's Fourth Affirmative Defense is that the purported claims set forth in Aik Chuan's Amended Counterclaim Complaint, particularly tortious interference, are barred by the doctrine of unclean hands.

### v. *AGFR and Kolmar's Fifth Affirmative Defense to Aik Chuan's Counterclaims*

Since Aik Chuan is not disputing the validity or enforceability of the contracts (ECF 28 at ¶ 35) AGFR and Kolmar do not intend to pursue their fifth affirmative defense (unjust enrichment) at trial.

**B.    Defendant and Counterclaim Plaintiff Aik Chuan Construction PTE. Ltd.' Claims and Defenses:**

Aik Chuan has alleged counterclaims against American GreenFuels Rockwood (Tennessee), LLC ("AGF") and Kolmar Americas, Inc. ("Kolmar") for breaches of the subordination agreement between Aik Chuan and AGF, as well as tortious interference with Aik Chuan's promissory notes arising out of Aik Chuan's March 2020 sale of a green diesel plant

located in Rockwood, Roane County, Tennessee (the "Green Diesel Plant") to Global Energy. Specifically, Aik Chuan sold the Green Diesel Plant to Global Energy for approximately $85 million payable through two promissory notes (each, a "Promissory Note"), as well as 5% equity warranty rights in Global Energy. As part of that transaction, Global Energy also entered into a $7.95 million bridge loan with plaintiff and counterclaim defendant AGF, which is a wholly owned subsidiary of counterclaim defendant Kolmar. The purpose of the bridge loan was to finance Global Energy's buildout of the Green Diesel Plant, and Aik Chuan agreed to subordinate its promissory notes (via the aforementioned subordination agreement) to help close that financing transaction. Kolmar also executed an offtake agreement with Global Energy whereby Kolmar obtained the exclusive right to purchase all of the green diesel that the Green Diesel Plant would produce. Thus, AGF/Kolmar was both Global Energy's sole source of financing for the plant buildout and Global Energy's sole source of revenue for the diesel once the Green Diesel Plant became operational.

As is often the case with these types of projects, Global Energy experienced delays related to the buildout of the Green Diesel Plant, and with each delay the pressure from AGF/Kolmar increased. AGF/Kolmar demanded daily updates from Global Energy, required specific buildout tasks to be completed, and reviewed and required approval of the expenses Global Energy incurred. Eventually, AGF/Kolmar realized that it did not need Global Energy to complete the buildout. Instead, AGF/Kolmar concluded that it could complete the project and reap the profits itself if only it could somehow wrestle ownership of the Green Diesel Plant away from Global Energy. To that end, AGF/Kolmar devised and implemented a contract-breaching and tortious scheme to hold Global Energy in default of the bridge loan and sell the Green Diesel Plant to itself for pennies on the dollar of the plant's actual worth.

164350568

On June 3, 2021, AGF declared two defaults: (1) that Global Energy failed to keep a minimum account balance of $50,000 in its requisite account; and (2) that the Green Diesel Plant failed to achieve Verification (i.e. a set of production criteria for the Green Diesel Plant over a continuous 30-day test period set forth in the bridge loan agreement) prior to the Verification Date (i.e. May 31, 2021). Neither of these alleged events of default are valid. First, AGF's course of conduct with Global Energy throughout the term of the bridge loan waived the minimum account balance provision. Specifically, AGF and Global Energy undisputedly agreed not to execute a deposit account control agreement, and instead of receiving the loan amount in a lump sum, AGF reviewed and approved each of Global Energy's draw requests based on Global Energy's expenses for the given month and then funded Global Energy for that exact amount. The result of that process was that Global Energy's account was, by design, being virtually "zeroed out" every month. Thus, AGF/Kolmar knew and accepted that Global Energy was not maintaining a minimum $50,000 account balance and therefore waived its right to claim a default of the bridge loan agreement on that basis. Second, the bridge loan agreement required AGF to conduct verification testing so that it could determine whether the Green Diesel Plant met the verification testing criteria prior to the Verification Date. It is undisputed that AGF never conducted any such test, nor did it work with Global Energy to conduct the test or perform any other of the verification requirements under the bridge loan agreement. Just the opposite, AGF and Kolmar were working cooperatively with Global Energy and they developed an agreed-upon plan and timeline (notably, running past the Verification Date) to fix the plant's operational issues. As a result, Global Energy was not in default of the Verification deadline set forth in the bridge loan agreement.

After improperly declaring Global Energy in default, AGF/Kolmar then proceeded to foreclose on the Green Diesel Plant, but did so (purposefully) in a commercially unreasonable

manner so that AGF/Kolmar could buy it for a fraction of its market value. Specifically, it is undisputed that AGF/Kolmar failed to market the Green Diesel Plant to any relevant potential buyer in the green energy space or otherwise solicit bids from any company that might have an interest in the plant. Instead, the sum total of AGF/Kolmar's efforts to satisfy its requirements to conduct a commercially reasonable foreclosure sale was to place a notice in the Roane County newspaper about an upcoming real estate sale. Incredibly, that notice did not mention that the foreclosure sale included a near-complete green diesel plant or extensive equipment. Instead, the notice merely provides the boundary lines of the real estate as if the sale was for an empty plot of land. Moreover, discovery has revealed that AGF/Kolmar did not conduct a proper fair market valuation of the Green Diesel Plant prior to the foreclosure sale. Unsurprisingly given the improper and commercially unreasonable process AGF and Kolmar implemented, there were no outside bidders for the Green Diesel Plant at auction and AGF purchased the plant for itself (as the sole bidder) for $1.7 million, a plant which as detailed above Aik Chuan sold to Global Energy for $85 million just the year before. Moreover, AGF/Kolmar, just five weeks after the foreclosure sale, and without *any* work done at the Green Diesel Plant during that time, sent to lenders detailed financial projections where they estimated that the Green Diesel Plant would generate over $100 million in EBITDA by 2026 and over $380 million EBITDA from 2021-2026. Making matters worse, AGF then filed this litigation against Aik Chuan seeking the difference between the outstanding indebtedness (which at the time of complaint's filing was approximately $19 million) and the paltry $1.7 million price it bid at the commercially unreasonable foreclosure sale that misleadingly described what was being sold and that was specifically designed by AGF and Kolmar to discourage other bidders.

Aik Chuan's affirmative defenses to AGF's breach of contract claim largely track Aik Chuan's counterclaims. Specifically, Aik Chuan's affirmative defenses include: (1) that AGF acted in bad faith and failed to exercise good faith and fair dealing, by improperly exercising the default procedures in Section 8.2 of the subordination agreement when AGF improperly held Global Energy in default under the Loan Agreement and sought payment of the alleged outstanding indebtedness from Aik Chuan under the subordination agreement; (2) AGF acted with unclean hands under Section 8.2 of the Subordination Agreement in failing to conduct the foreclosure sale of the property in a commercially reasonable manner; (3) AGF acted with unclean hands under Section 8.2 of the subordination agreement by failing to offset the outstanding indebtedness with the proper amount of the value of the property; (4) AGF failed to properly follow the default procedures set forth in Section 8.2 of the subordination agreement by not properly defaulting against Global Energy under the bridge loan agreement; (5) AGF's course of conduct with the Global Energy under the bridge loan agreement prohibited Global Energy from defaulting under the bridge loan agreement in the manner alleged by AGF in its various notices to Aik Chuan; (6) AGF impaired the collateral under the bridge loan agreement and the subordination agreement by failing to conduct the foreclosure sale of the property in a commercially reasonable manner, failing to sell the property for its fair market value, and seeking an improper repayment amount from Aik Chuan; (7) AGF is estopped from asserting its breach of contract claim against Aik Chuan because its course of conduct as a lender to Global Energy clearly and unambiguously demonstrated that it waived Global Energy's alleged breaches of the bridge loan agreement; (8) AGF has waived its claim against Aik Chuan for breach of contract because its course of conduct as a lender to Global Energy clearly and unambiguously demonstrated that it did not consider Global Energy's actions under the bridge loan agreement as breaches thereof; and (9) AGF sold

164350568

the property at the foreclosure sale for an amount materially less than the fair market value of the property at the time of the foreclosure; therefore, any deficiency balance AGF seeks must be limited as required under Tennessee Code Ann. § 35-5-118.

V.  **STATEMENT REGARDING JURY AND TRIAL LENGTH (C.I.P. 6(A)(v))**

The Parties agree this matter should proceed as a non-jury/bench trial.  The Parties anticipate this trial will take approximately 3-4 days.

VI.  **STATEMENT REGARDING MAGISTRATE JUDGE (C.I.P. 6(A)(vi))**

The Parties have not consented to trial of this case by a Magistrate Judge.

VII.  **STIPULATIONS AND AGREED STATEMENTS OF FACT AND LAW (C.I.P. 6(A)(vii))**

The Parties stipulate and agree to the following stipulations below.  These stipulated and agreement statements of fact and law require no proof at trial and will become part of the evidentiary record in this case.

1.  The parties stipulate to the authenticity of all documents produced in this case, including all documents produced by third parties.

VIII.  **WITNESS LISTS (C.I.P. 6(A)(viii))**

  A.  **Plaintiff and Counterclaim Defendants' Witness List:**

AGFR and Kolmar's list of witnesses they will or may call at trial or by deposition designations, are attached as **Exhibit 1**.

  B.  **Defendant and Counterclaim Plaintiff's Witness List:**

Aik Chuan's list of witnesses they will or may call at trial or by deposition designations, are attached as **Exhibit 2**.

IX.  **DEPOSITION DESIGNATIONS (C.I.P. 6(A)(ix))**

The Parties' deposition designations as to Michael DiProspero of Branford Valuations, LLC are attached hereto as **Exhibit 3**.  AGFR/Kolmar's affirmative designations are indicated in yellow, Aik Chuan's affirmative designations are indicated in blue, testimony that both sides affirmatively designated is indicated in green, AGFR/Kolmar's counter designations are indicated in __, and Aik Chuan's counter designations are indicated in red.

The Parties' deposition designations as to Will Gruver of USP&E are attached hereto as **Exhibit 4**.  AGFR/Kolmar's affirmative designations are indicated in yellow, and Aik Chuan's counter-designations are indicated in red.

AGFR and Kolmar's deposition designations as to Sai Leow (volume 1) are attached hereto as **Exhibit 5**.

AGFR and Kolmar's deposition designations as to Sai Leow (volume 2) are attached hereto as **Exhibit 6**.

AGFR and Kolmar's deposition designations as to Patrick Leow are attached hereto as **Exhibit 7**.

AGFR and Kolmar's deposition designations as to Greg Smith are attached hereto as **Exhibit 8**.

Aik Chuan opposes AGFR's submission of designated deposition testimony of Aik Chuan's witnesses, Sai Tiong Leow and Patrick Leow, and third party witness, Greg Smith, each of whom will testify live at trial.  Such deposition testimony is hearsay, and although it can be used for impeachment, may not be offered as affirmative evidence in AGFR's affirmative case.

AGFR and Kolmar respond as follows.  As AGFR and Kolmar indicated during meet and confer, first and foremost, the Court's Individual Practices in Civil Cases ask parties to submit

164350568

designations for deposition testimony to be offered in their case in chief.  Section 6.A.ix.  Thus, AGFR and Kolmar properly complied accordingly and submitted deposition designations for testimony from Mr. S. Leow, Mr. P. Leow, and Mr. Smith for AGFR and Kolmar's case in chief.  Additionally,  the Federal Rules of Civil Procedure further permit use of deposition designations in this context.  *See also* Fed. R. Civ. P. 32(a)(3), (4).  We understand from Counsel for Aik Chuan that these witnesses will appear in person, in which case AGFR and Kolmar will also cross examine them in person.  But with respect to the Aik Chuan witnesses, they are party witnesses (*i.e.,* party opponents), and as such their prior testimony constitutes admissions and thus definitionally not hearsay.  Fed. R. Evid. 802(d)(2).  With respect to Mr. Smith, since he resides outside the Court's subpoena power, he is "unavailable," thus permitting AGFR/Kolmar to designate his deposition testimony AGFR/Kolmar's case in chief.

### X. PROPOSED TRIAL EXHIBITS (C.I.P. 6(A)(x))

The list of AGFR and Kolmar's proposed trial exhibits, along with Aik Chuan's remaining objections thereto, is attached hereto as **Exhibit 9**.  AGFR and Kolmar's trial exhibits may be referred to in filings or identified as Plaintiff's Exhibits or Pl.'s Ex. and will be marked with **PTX** numbers.

The list of Aik Chuan's proposed trial exhibits, along with AGFR and Kolmar's remaining objections thereto, is attached hereto as **Exhibit 10**.  Aik Chuan's trial exhibits may be referred to as Defendant's Exhibits or Def.'s Ex. and will be marked with **Def.'s Ex.** numbers.

AGFR and Kolmar's trial exhibits may be referred to as Plaintiff's Exhibits or Pl.'s Ex. and will be identified with **PTX** numbers.  Aik Chuan's trial exhibits may be referred to as Defendant's Exhibits or Def.'s Ex. and will marked with **Def.'s Ex.** numbers.

The Parties reserve the rights to offer exhibits set forth on any other party's exhibit list, even if not set forth on their own exhibit list.  AGFR and Kolmar reserves the right to offer exhibits that are not listed during cross examination, redirect, and rebuttal.

Aik Chuan disagrees with and objects to AGFR's or Kolmar's use of any exhibits not listed on a party's exhibit list during cross examination, redirect, or rebuttal.

Any exhibits, once admitted at trial, may be used equally by any party for any proper purpose.

The demonstrative the parties intend to use at trial do not need to be described on their respective lists of trial exhibits.  Plaintiff and Counterclaim Defendants' demonstrative will be identified with **PDX** numbers.  Defendant and Counterclaim Plaintiff's demonstrative will be identified with **DDX** numbers.  The Parties agree that there is no exchange of demonstratives to be used for cross of witnesses.  If a party provides exhibits (for example a binder of exhibits) to a witness for purposes of that witness' examination, the party will provide one copy to the other party.

Dated: New York, New York  
October 20, 2023

Respectfully submitted,

*s/ John N. Thomas*  
John N. Thomas  
Troutman Pepper Hamilton Sanders LLP  
875 Third Avenue  
New York, NY 10022  
Telephone: 212.704.6000  
Facsimile: 212.704.6288  
Jack.thomas@troutman.com  
jenna.hutchinson@troutman.com

Leslie A. Davis (admitted *pro hac vice*)  
Troutman Pepper Hamilton Sanders LLP  
401 9th Street, NW  
Washington, DC 20004  
Telephone:  202-274-2958  
Leslie.davis@troutman.com

Sheila Zifu Chen (admitted *pro hac vice*)  
Troutman Pepper Hamilton Sanders LLP  
5 Park Plaza, Suite 1400  
Irvine, CA  92614  
Telephone: 949-622-2700  
Sheila.Chen@troutman.com

*Counsel for Plaintiff-Counterclaim Defendant American GreenFuels Rockwood (Tennessee), LLC and Counterclaim Defendant Kolmar Americas, Inc.*

164350568

Dated: Chicago, Illinois
October 20, 2023

        <u>*s/ Mark Samartino*</u>
        John Hagan, Jr. (*pro hac vice*)
        Mark Samartino (*pro hac vice*)
        Cameron Davis (*pro hac vice*)
        ARNOLD & PORTER KAYE SCHOLER LLP
        70 West Madison Street, Suite 4200
        Chicago, IL 60602-4231
        Tel: 312-583-2300
        Fax: 202-822-8106
        john hagan@arnoldporter.com
        mark.samartino@arnoldporter.com
        cameron.davis@ arnoldporter.com

        Melissa A. Brown
        ARNOLD & PORTER KAYE SCHOLER LLP
        250 West 55th Street
        New York, New York 10019
        Tel.: (212).836-8000
        Fax (212) 836-8689
        melissa.brown@arnoldporter.com

        *Attorneys for Defendant-Counterclaim Plaintiff*
        *Aik Chuan Construction Pte. Ltd.*

164350568