```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
AMERICAN GREENFUELS ROCKWOOD              :
(TENNESSEE), LLC,                         :
                                         :
                      Plaintiff,          :
                                         :
           -v-                            :
                                         :
AIK CHUAN CONSTRUCTION PTE. LTD.,         :
                                         :
                      Defendant.          :
                                         :   21cv7680 (DLC)
----------------------------------------  :
                                         :   OPINION AND ORDER
AIK CHUAN CONSTRUCTION PTE. LTD.,         :
                                         :
                Counterclaim Plaintiff,   :
                                         :
           -v-                            :
                                         :
KOLMAR AMERICAS, INC. and AMERICAN        :
GREENFUELS ROCKWOOD (TENNESSEE), LLC,     :
                                         :
                Counterclaim Defendants.  :
---------------------------------------- X
```

APPEARANCES:

For plaintiff and counterclaim defendants:
John N. Thomas
Troutman Pepper Hamilton Sanders LLP
875 Third Avenue
New York, NY 10022

Leslie A. Davis
Margaret Burnside
Jenna N. Tyrpak
Troutman Pepper Hamilton Sanders LLP
401 9th Street, NW
Washington, DC 20004


For defendant and counterclaim plaintiff:
John F. Hagan, Jr.

Chuan.  Global Energy had issued promissory notes to Aik Chuan and Aik Chuan had agreed to subordinate some of the Global Energy debt to the GreenFuels bridge loan and, most significantly for this litigation, to assume Global Energy's obligations to GreenFuels in the event of a default (the "Subordination Agreement").  Global Energy defaulted in May 2022.  Aik Chuan declined to assume the bridge loan obligations, and GreenFuels foreclosed on the Rockwood plant.  GreenFuels brought this action for breach of the Subordination Agreement.  Familiarity with prior Opinions in this case is presumed.  See Am. GreenFuels Rockwood (Tennessee), LLC v. Aik Chuan Constr. Pte. Ltd., 21cv7680 (DLC), 2023 WL 8018271 (S.D.N.Y. Nov. 20, 2023) (the "Trial Opinion"); Am. GreenFuels Rockwood (Tennessee), LLC v. Aik Chuan Constr. Pte. Ltd., 21cv7680 (DLC), 2023 WL 8372476 (S.D.N.Y. Dec. 4, 2023) (the "Damages Opinion").

GreenFuels filed this action on September 14, 2021, bringing a breach of contract clam against Aik Chuan.  Aik Chuan brought counterclaims against GreenFuels and its parent company, Kolmar, alleging that the counterclaim defendants deliberately induced a default and conducted a commercially unreasonable foreclosure sale.

The case was reassigned to this Court on August 17, 2022.  On September 30, GreenFuels and Kolmar's motions to dismiss were

3

largely denied.  Am. GreenFuels Rockwood (Tennessee), LLC v. Aik Chuan Constr. Pte. Ltd., 21cv7680 (DLC), 2022 WL 4629255 (S.D.N.Y. Sept. 30, 2022).  Discovery was contentious.  A bench trial was held between November 13 and November 16, 2023.  In an Opinion of November 20, Aik Chuan was found to have breached the Subordination Agreement and to be liable to GreenFuels in the amount of $28,494,451 as of November 16, 2023.  Trial Opinion, at *13, 21.  Judgment for GreenFuels and Kolmar was ordered on Aik Chuan's counterclaims.  Id., at *21-22.

On November 30, the plaintiff and counterclaim defendants submitted a proposed final judgment in the amount of $28,494,451.  The same day, Aik Chuan objected to the amount of damages, presenting an argument not made during the trial.  On December 4, Aik Chuan's objection was denied.  Final judgment was entered on December 5, 2023.  GreenFuels attempted to collect on the judgment through a demand letter on December 27.

Aik Chuan filed this motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) on January 2, 2024.  On the same day, Aik Chuan filed a motion to extend the automatic stay of judgment, which was to expire on January 4.  That motion to extend was denied on January 3.

The motion to alter or amend the judgment became fully submitted on January 31.  In their opposition to the motion,

GreenFuels and Kolmar cross moved for sanctions to be imposed on Aik Chuan. The motion for sanctions became fully submitted on February 7.

## Discussion

"A court may grant a Rule 59(e) motion only when the movant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Metzler Investment Gmbh v. Chipotle Mexican Grill, Inc., 970 F.3d 133, 142 (2d Cir. 2020) (citation omitted). A motion to alter or amend "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." 4 Pillar Dynasty LLC v. New York & Company, Inc., 933 F.3d 202, 217 (2d Cir. 2019) (citing Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008)).

Aik Chuan makes essentially three arguments as to why the judgment should be amended. None of these arguments meet the Rule 59(e) standard. Aik Chuan has not cited any change in controlling law or new evidence. It does not suggest that any manifest injustice has occurred. Instead, it asserts that there has been clear legal error. Under that guise, it regurgitates arguments that have already been considered and rejected.

I.    Interest Calculations

Aik Chuan begins by renewing several arguments regarding interest rate calculations.  Aik Chuan first argues that the Trial Opinion incorrectly applied the interest rate provisions in the Loan Agreement between GreenFuels and Global Energy to calculate prejudgment interest obligation assumed by Aik Chuan.  As it did at the trial, Aik Chuan argues that the Subordination Agreement does not contain a provision for interest on the outstanding indebtedness.  The Trial Opinion considered and rejected that argument.  Trial Opinion, at *21.

Aik Chuan next argues that it was improper to apply the Loan Agreement's interest provisions to the kicker fee.  Aik Chuan first raised this argument in a post-judgment letter objection.  Damages Opinion, at *1.  The objection was denied as meritless and as waived.  Id.

Additionally, Aik Chuan contends that the damages for its breach of the Subordination Agreement should have been capped at $19,014,303, which was the Outstanding Indebtedness listed in a June 4, 2021 Notice of Default demand letter.  As explained in the Trial Opinion, however, Aik Chuan did not assume the Global Energy obligations and pay GreenFuels, as it was contractually obligated to do.  As a result, interest accrued and the debt became $28,494,451.  Id., at *21.

II.  Going Concern

Aik Chuan next argues that the Trial Opinion made a clear legal error by incorrectly concluding that the Rockwood Plant was not a going concern at the time of the Foreclosure Sale. This argument was considered and rejected at trial.  Trial Opinion, at *19-20.

III. Foreclosure Sale

Finally, Aik Chuan argues that it was clear legal error to apply Tennessee law to the Foreclosure Sale, rather than the UCC, under which Aik Chuan contends the Foreclosure Sale should have been deemed commercially unreasonable.  The Trial Opinion considered and rejected these arguments.  Trial Opinion, at *18.

IV.  Sanctions

GreenFuels and Kolmar have moved for sanctions against Aik Chuan for abuse of the judicial process.  They request that the Court exercise its inherent power to impose sanctions on Aik Chuan and its attorneys by granting GreenFuels and Kolmar the fees incurred in opposing this motion.

"Every district court has the inherent power to supervise and control its own proceedings." Mitchell v. Lyons Pro. Servs., Inc., 708 F.3d 463, 467 (2d Cir. 2013) (citation omitted).  That inherent power includes the power to "sanction a party or an attorney who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons."  Rossbach v. Montefiore

7

Medical Center, 81 F.4th 124, 141 (2d Cir. 2023) (citation omitted). Representational misconduct that is "integrally related to [the attorney's] role as an advocate" for their client "independently necessitates an explicit finding of bad faith." Id. at 143 (citation omitted). "A district court may not impose attorney's fees as a sanction without first making an explicit finding that the sanctioned party . . . acted in bad faith in engaging in the sanctionable conduct." Id. at 142.

GreenFuels is right in observing that Aik Chuan's 59(e) motion is meritless. Despite Aik Chuan's purported acknowledgment that the standard for such motions is strict and that Rule 59 should not be a vehicle for rehashing arguments already rejected after full consideration, Aik Chuan ignored those strictures and brought a motion that is nothing more than a regurgitation of previously briefed and rejected arguments. It would also appear, as GreenFuels argues, that Aik Chuan has used this device (and other procedural devices) to delay the date by which it must file an appeal and ultimately to delay the enforcement of the judgment.

GreenFuels argues as well that Aik Chuan has used improper litigation tactics throughout this litigation, and thus, that this motion is part of a pattern. Among other things, GreenFuels points to Aik Chuan's delays in producing documents,

its efforts to obtain GreenFuels' proprietary and confidential business information, its abuse of this Court's procedures from presenting arguments when filing a Pretrial Order, and its pursuit during trial of several specious arguments that lacked any evidentiary support.

Aik Chuan's conduct throughout this litigation has certainly been aggressive. It has repeatedly made choices that imposed unnecessary burdens on the Court and unreasonably drove up the costs of litigation for GreenFuels and Kolmar. Whether this conduct warrants sanctions through the exercise of a court's inherent power is, however, a separate issue. While Aik Chuan's litigation tactics should not be encouraged or condoned, the Court is unable to conclude that this meritless Rule 59(e) motion was filed in bad faith.

## Conclusion

Aik Chuan's January 2, 2024 motion to alter or amend the judgment is denied. The plaintiff and counterclaim defendants' January 17 motion for sanctions is denied. The Clerk of Court shall close the case.

Dated:   New York, New York
         March 20, 2024

                                    _____
                                         DENISE COTE
                                    United States District Judge